## Benjamin H. Williams
### *v.*
## Franklin County.

1.  PAUPERS.   This was a prosecution under the sixteenth section of the chapter of the Revised Statutes, entitled "Paupers," for bringing a pauper into Franklin county, wherein he was not lawfully settled, knowing him to be a pauper.   There is no question in the case, except one of fact, whether the defendant knew the person to be a pauper.

APPEAL from the Circuit Court of Franklin county; the Hon. A. D. DUFF, Judge, presiding.

The case is stated in the opinion of the Court.

Messrs. TANNER & CASEY, MULKEY, WALL & WHEELER, and S. E. FLANNIGAN, for the appellant.

Mr. F. M. YOUNGBLOOD and Messrs. ALLEN & WEBB, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Franklin county against the appellant, to recover the penalty provided for in the sixteenth section of chapter 80 of the Revised Stautes, entitled "Paupers."

That section is as follows: "If any person shall bring and leave any pauper or paupers in any county in this State, wherein such pauper is not lawfully settled, knowing him or them to be paupers, he shall forfeit and pay the sum of one hundred dollars for every such offense, to be sued for and recovered by and to the use of such county, by action of debt, before any justice of the peace in the proper county."

On the trial, the court instructed the jury for the plaintiff: "That if they believe from the evidence that Benj. H. Williams, the defendant, brought from any other county in this State and left a pauper in Franklin county, Illinois, knowing him to be a pauper at the time, the verdict should be for the plaintiff. A pauper, under our statute, is a poor person, destitute of pecuniary means, and unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy, or other unavoidable cause."

And for the defendant: "That although they may believe from the evidence that defendant brought the person in question from the railroad, out of this county, into this county, and at the time of bringing him into this county he was diseased and unable to labor, and had no means of supporting or maintaining himself, yet unless the jury believe from the evidence defendant knew at the time he brought him that he was without money, or other means of support, the verdict must be for the defendant: and although the defendant in such case may have afterward found out that he was without means, that would not make him liable."

Under these instructions, the jury found a verdict for the plaintiff, and the court imposed a fine of one hundred dollars. The defendant prosecuted his appeal.

While a law for the purpose of preventing the fraudulent importation of paupers from one county to another, with a view to shifting the liability for their support, would be highly proper, it cannot be denied that the existing enactment is unnecessarily harsh, since the generality of its terms would sometimes render penal, acts which were dictated by common humanity. It is, however, the duty of courts to administer the law as we find it

written, guarding, however, as far as possible, by a rigid construction, and by the requirement of ample proof, against an attempt to bring within its provisions cases which never could have been within the intent of an enlightened legislature. In the case before us, it is not claimed that the court below did not fairly instruct the jury, but we are asked to reverse the judgment on the ground that the defendant is not proved to have known that the person taken by him to Franklin county was then a pauper. We cannot, however, see any deficiency of proof in that regard, nor do we discover any other ground on which the judgment should be reversed. The record shows that the appellant brought the pauper from Du Quoin, in Perry county, to his own house in Franklin county; that the next day the pauper was looking for some other place where he could stay; that very soon thereafter the defendant caused him to be sent to the poor-house, where, in a few days, he died, and was buried at the expense of Franklin county. The evidence further shows that, when the defendant brought the pauper into the county, the latter showed unmistakably by his appearance that he was much diseased and unable to work, while, at the same time he bore all the outward marks of extreme destitution. The defendant offered no evidence to show why he brought the pauper to the county. It does not appear that he had been unable to procure food and shelter in Perry county, or that his removal was the dictate of common humanity, and necessary in order to save a human being from perishing. Under these circumstances, we cannot say that the jury did wrong in finding that the defendant had notice of the fact of pauperism, and that he came within the penalty of the law. While this act is in the statutes, we have no option but to enforce it.

*Judgment affirmed.*